Reed, J.
In 1880, parties acting under the name of the Decatur Silver Mining Company were in the possession of a certain lode in Russell Mining District, called the “ Rover ” Lode, and the surface ground appertaining to it, upon which they erected a shaft house, in which they placed steam hoisting and pumping machinery, which was used for working and mining the property. Work was prosecuted by the claimants from time to time until April or May, 1887, after which no actual possession was had by them until the present controversy arose, about the middle of March, 1889. In June, 1887, appellees entered upon the property, worked *172 and occupied it, (including the shaft house,) made application to enter it under the laws of congress, and on March 15, 1888, made the entry and secured the receiver’s receipt at the local land office, remained in possession and prosecuted the working of the mine until in January, 1889, when work was suspended and the shaft house fastened up. The property remained in this condition until about the middle of March, when appellants, by force or otherwise, entered the shaft house, took and retained possession of it from appellees, who were refused admittance by appellant, Engle, who maintained his possession with fire arms.
This action was brought by appellees to regain the possession of the shaft house, under sec. 159 of the Civil Code, page 146, Sess. Laws of 1887, as follows:
“ The several district courts of the state, or any judge thereof, shall have, in addition to the power already possessed, power to issue writs of injunction for affirmative relief, having the force and effect of a writ of restitution, restoring any person or persons to the possession of any mining property or premises from which he or they may have been ousted by fraud, force or violence, or from which he or they are kept out of possession by threats, or by words or actions which have a natural tendency to excite fear or apprehension of danger, or whenever such possession was taken from him or them by entry of the adverse party on Sunday or legal holiday, or while the party in possession was temporarily absent therefrom ; the granting of such writ to extend only to the right of possession under the facts of the case in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions as though no such writ had been issued.”
The portion of the complaint necessary to be considered is the following:
“ Said defendants, by force and violence, did enter into and upon said property, and did forcibly break and remove the locks and fastenings from the doors and windows of said building, and by force and violence did enter into the pos *173 session thereof, and ever since and now do with force and violence withhold possession thereof from the plaintiffs. That plaintiffs, before the commencement of this action, have demanded possession of said property from said defendants, but they have refused and still refuse to deliver up the possession thereof. That the plaintiffs have been and are now kept out of the possession of said property by threats made against them by defendants, and by words and actions of said defendants which have a natural tendency to and do excite fear and apprehension of danger.
“That said defendants have declared their intention to hold possession of said premises by force and violence and at all hazards, and have ordered plaintiffs away from the same, and threaten them with personal violence if they come upon or about said premises.”
An answer was filed putting in issue the allegations in the complaint—a large amount of testimony taken. There is no serious controversy in regard to the facts.
On the 22d day of May, 1889, a decree was entered in favor of appellees, the court having found, “ that all the material allegations in plaintiff’s complaint are true and fully proven, and that at the time alleged in said complaint the plaintiffs were in peaceable and quiet possession of the premises in the said complaint described, and that afterwards at the time in said complaint alleged the defendants wrongfully and unlawfully entered into the possession thereof and ousted the plaintiffs therefrom, and have ever since forcibly, unlawfully and wrongfully withheld the possession thereof from said plaintiffs; that according to law and equity the said plaintiffs are of right entitled to be reinstated in the possession thereof.”
The first question presented in argument is, whether under the statute and civil code the judgment was final, and one from which an appeal would' lie. We think the case was appealable under sec. 388, Civil Code. The only relief asked was a decree of restitution; the only question to be determined, the manner in which possession was obtained and held. With 'the decree ordering restitution and the *174 change of possession, the judgment was final. Nothing further could, be done,—the powers of the court under the section of the code were exhausted. If there could be a question under see. 888, Civil Code, there can be none under sec. 159, which specifically provides :
“ That appeal, as in other cases, shall be allowed from any final order or decree granting an injunction under the provisions of this section.”
The only other question presented is whether the finding and decree of the court was warranted by the evidence. Appellees were in the possession under a title from government. There appears some slight confusion between what was said by the court, in his remarks upon the case, and the final decree as made and entered. The decree is correct and must control. The suggestions or statements of the court in regard to the “ temporary absence ” of the respective parties at the times possession changed, were unnecessary. There is no such allegation in the complaint nor issue ; the action was based and brought on a preceding clause, restoring the possession to a party “ from which he or they may have been ousted by fraud, force or violence or from "which he or they are kept out of possession by threats, or by words or actions,” etc. The allegation is based upon this clause, which is entirely separate and distinct, and separated by the disjunctive or, from subsequent clause in regard to temporary absence. The decree is right,—is not based upon temporary absence, and was warranted by the evidence, which fully established the wrongful entry and the retention of it by force and threats.
We do not gather from the record that the court found judicially and determined the question of temporary absence of appellees. No such finding is embraced in the decree; if found it was unnecessary to a determination of the case, and will not be reviewed here. We express no opinion as to the duration of time that may be legally defined as temporary absence.
The decree of the district court is affirmed.

Affirmed.